UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.   2:13-cr-00271-WBS-JDP (HC) |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MOO HOON "STEVE" KIM, | |
| Defendant. | |

Defendant Kim ("movant") filed a section 2255 motion arguing that his trial attorney, Patrick Hanly, provided ineffective assistance by failing to negotiate a plea agreement that did not risk mandatory deportation.  ECF No. 160 at 16.  The government has moved to dismiss the motion, arguing, variously, that it is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), that it is barred by the provisions of petitioner's sentencing agreement, and that it fails to state a claim upon which relief may be granted.  ECF No. 163.  I agree with the government's first argument and recommend that the motion be denied on that basis.

AEDPA generally requires that a section 2255 motion be filed within one year of when movant's conviction is finalized.  28 U.S.C. § 2255(f)(1).  Here, movant's conviction was finalized on September 28, 2016, ECF No. 155, and he filed his section 2255 motion nearly five years later, on September 26, 2021, ECF No. 160.  In his response, movant argues that his motion is timely because it was filed within a year of "the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(4).  He contends that he did not learn of his trial attorney's failings or that there were

alternative charges to which he could have plead guilty until shortly before the current motion was filed. ECF Nos. 160 at 31; 183 at 14. This argument fails.

The plea agreement advised movant that accepting it could result in his automatic removal. ECF No. 122 at 10. By the time of sentencing, movant was being represented by a new lawyer, having replaced Hanly with Masoud Masjedi. ECF No. 118. Nevertheless, despite retaining new counsel and knowing that he faced the possibility of removal from the date his conviction was finalized, movant contends that only on some recent, unspecified date did he learn of the possibility of an alternative plea. ECF No. 160 at 32. He does not explain why it took him nearly five years to discover this possibility. He makes no mention of any newly discovered documentary evidence or of any exchange of correspondence that would indicate that the government made or would have been receptive to such an offer. (The government maintains that such a plea was not a realistic possibility. ECF No. 163 at 5.)

Movant's argument finds no support in case law. The Ninth Circuit has distinguished between a movant's discovery of new facts and the discovery of the legal significance of facts that were already known. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."). As the government points out, movant knew about the crimes with which he had been charged, that the operative plea agreement contemplated the possibility of his automatic removal, and that his attorney had failed to secure him an alternate plea that avoided such removal. The only intervening change has been the legal understanding that a different plea, if accepted by the government, might have produced different immigration consequences. This is insufficient. *See Barreto-Barreto v. United States*, 551 F.3d 95, 100, n.4 (1st Cir. 2008) ("[T]he discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4).").

In his opposition, movant relies on the Ninth Circuit's decision in *Hasan* for the proposition that "to have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance and resulting prejudice." 254 F.3d

2

at 1154.  In *Hasan*, however, the movant did learn of a new, relevant fact—that a romantic relationship existed between an individual who potentially tampered with a juror and one of the prosecution's witnesses.  *Id.* at 1155 (remanding because "there is no evidence in the record from which it can be determined when with the exercise of due diligence Hasan could have discovered the relationship between Bernard and Williamson . . . .").  No similar, factual discovery has been alleged in this case.

Accordingly, I recommend that the government's motion to dismiss ECF No. 163, be GRANTED and the section 2255 motion, ECF No. 160 be DENIED as time-barred.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 7, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE